UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED KING,<br><br>             Plaintiff,<br><br>     v.<br><br>P. MEDINA, et al.,<br><br>             Defendants. | No.  2:16-cv-2709 JAM CKD P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a California prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 against employees of the California Department of Corrections and Rehabilitation. Plaintiff has paid the filing fee and this proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint if the complaint fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915A(b)(1),(2).  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations in the complaint as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

/////

1

1    In his complaint, plaintiff alleges that on February 8, 2011, defendant Medina, a
2 Correctional Officer at California State Prison-Solano, confiscated a watch, a chain with a
3 religious medal and bracelets which were all being worn by plaintiff.  It is not clear where the
4 items are now.  While plaintiff agrees the items were properly confiscated, he alleges the items
5 should not have been retained or discarded by prison staff.  Rather, plaintiff alleges he should
6 have been permitted, under California law, to mail the items outside of the prison.

7    The United States Supreme Court has held that "an unauthorized intentional deprivation
8 of property by a state employee does not constitute a violation of the procedural requirements of
9 the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for
10 the loss is available."  Hudson v. Palmer, 468 U.S. 517, 533 (1984).  Such a remedy is available
11 in California through the California Government Code, § 900, et seq.

12    In light of the foregoing, plaintiff has not stated a claim upon which he may proceed for
13 violation of due process with respect to his property loss, and had not stated an actionable claim
14 for violation of any other federal law.  Therefore, plaintiff's complaint must be dismissed.  Leave
15 to amend will not be granted as it does not appear plaintiff can provide additional facts which
16 would result in plaintiff stating a claim upon which relief could be granted.

17    In accordance with the above, IT IS HEREBY RECOMMENDED that:

18    1.  Plaintiff's complaint be dismissed for failure to state a claim upon which relief can be
19 granted; and

20    2.  This case be closed.

21    These findings and recommendations are submitted to the United States District Judge
22 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
23 after being served with these findings and recommendations, plaintiff may file written objections
24 with the court.  The document should be captioned "Objections to Magistrate Judge's Findings
25 /////
26 /////
27 /////
28 /////

1 and Recommendations." Plaintiff is advised that failure to file objections within the specified
2 time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153
3 (9th Cir. 1991).

Dated: January 26, 2017

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
king2709.dis